UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | No. 3:06-CR-12 |
| V. ) | (JARVIS/GUYTON) |
| ) | |
| ) | |
| ) | |
| JAMSEY FOSTER ) | |

ORDER OF DETENTION PENDING TRIAL

The above-named defendant appeared before the undersigned for a detention hearing on February 27, 2006. The government requested that the defendant continue to be detained without bond pending trial pursuant to Title 18 U.S.C. Section 3142(f). The defendant, with appointed counsel, Kim A. Tollison, appeared and announced that the defendant would execute a Waiver of Detention Hearing reserving her right to request a hearing at a later date if her circumstances should change.

The defendant is aware of her right to a detention hearing and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure her appearance in court and the safety of the community. The defendant understands that if she waives her detention hearing, she will remain in custody pending trial. The defendant acknowledged in open court that she has no questions and understands her rights and the consequences of waiving those rights, and agreed to be detained without bond pending trial.

Upon consideration of defendant's waiver, the charge against her, and the report of the Pretrial Services Office, the Court finds that, at this time, no conditions of release will reasonably assure the appearance of the defendant in court and the safety of the community. Should information having a material bearing on the issue of release subsequently become available, indicating a change in the defendant's circumstances, the defendant, through counsel, may file a motion requesting a bond hearing.

It is, therefore, ORDERED that:

(1) Defendant be detained without bond pending trial;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

**IT IS SO ORDERED.**

                       **ENTER:**

                              s/ H. Bruce Guton
                              United States Magistrate Judge