JAMSEY L. FOSTER,

    Petitioner,

v.                                                        3:06-cr-12
                                                          3:13-cv-231

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jamsey L. Foster ("petitioner"). The Clerk is **DIRECTED** to serve a copy of the motion and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

In addition to pleading guilty to conspiracy to commit money laundering, the petitioner pleaded guilty to conspiracy to distribute five kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base. [Criminal Action No. 3:06-cr-12, Doc. 103 (Under Seal), Plea Agreement, pp. 1-2, ¶¶ 1-2]. By judgment entered December 4, 2006, she was sentenced a total term of imprisonment of 196 months. [*Id.*, Doc. 175]. The

sentence was subsequently reduced to a total term of imprisonment of 126 months under Amendment 750 to the U.S. Sentencing Guidelines. [*Id.*, Doc. 318, Order granting motion for reduction of sentence].

In support of her § 2255 motion, petitioner seeks relief under the recent Supreme Court decision in *DePierre v. United States*, 131 S. Ct. 2225 (2011), in which the Court held that "cocaine base" in the federal drug statute means not just crack cocaine but cocaine in its chemically basic form. *Id*. at 2231-32. Petitioner claims that although she pleaded guilty to 50 grams or more of crack cocaine, she was held accountable at sentencing for more than 1.5 kilograms of cocaine base. Petitioner contends that *DePierre* also stands for the proposition that she cannot be held accountable for an amount of cocaine base that was not charged or proven beyond a reasonable doubt.

This argument overlooks the fact that in the written Stipulation of Facts in support of her plea agreement, petitioner agreed "that for purposes of sentencing, the amount of cocaine base for which defendant is accountable for Sentencing Guideline purposes is greater than 1.5 kilograms." [Criminal Action No. 3:06-cr-12, Doc. 104 (Under Seal), Stipulation of Facts, p. 2, ¶ 4]. Petitioner is thus not entitled to relief under § 2255. *See, e.g., United States v. Calloway*, 89 F. App'x 982, 984-85 (6th Cir. 2004) (defendant who stipulated to quantity of drugs in guilty plea waived the right to have a jury determine guilt beyond a reasonable doubt on that element of the offense).

It plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that the petitioner is not entitled to relief in this court and this action

2

Case 3:06-cr-00012-RLJ-HBG   Document 321   Filed 04/29/13   Page 2 of 3   PageID #: 679

should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** and this action **DISMISSED**.

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. The petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                s/ Leon Jordan
                                              United States District Judge